UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SELVIA ZAKLAMA<br><br>Defendant. | Criminal Action No. 23-cr-00527 (JXN)<br><br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court upon Defendant Selvia Zaklama's ("Zaklama" or "Defendant") Motion to Dismiss the Indictment or, in the alternative, for a Bill of Particulars and access to Grand Jury materials. (ECF No. 19.) The Government opposed (ECF No. 24), and Defendant replied in further support (ECF No. 25). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For reasons set forth below, the Court denies Defendant's Motion.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On June 29, 2023, a Grand Jury sitting in Newark, New Jersey, for the District of New Jersey returned a one-count Indictment charging Zaklama with Tax Evasion in violation of 26 U.S.C. § 7201 (the "Indictment"). (Indictment, ECF No. 1.) The Indictment alleges that:

> From at least in or around May 2016 through in or around June 2017, …the defendant, [] Zaklama, …willfully attempted to evade and defeat the payment of income tax due and owing by her to the United States of America for the calendar years 1992, 1993, 1994, 1995, 1996, 1997, 1999, 2000, and 2001, by committing the following affirmative acts, among others:

1. Before May 2016, Zaklama owed millions of dollars to the Internal Revenue Service ("IRS") in connection with her federal income tax liabilities and related penalties from tax years 1992 through 1997, and 1999 through 2001.

2. Zaklama failed to satisfy these tax liabilities. As a result, in or around May 2016, the IRS levied a bank account Zaklama controlled and used to receive income and pay expenses ("Bank Account-I"). Zaklama became aware of the levy after the IRS seized funds from Bank Account-1 shortly after establishing the levy.

3. To prevent the IRS from seizing additional funds from Bank Account-1, Zaklama began making cash deposits into Bank Account-1 and then immediately withdrawing the funds through cashier's checks.

4. For example, on or about June 28, 2017, Zaklama made a $2,530 cash deposit into Bank Account-1. She then immediately withdrew $2,529.15 in cashier's checks from Bank Account-1.

5. As a result of these affirmative acts of evasion, the IRS was unable to enforce the levy or recover any additional funds from Bank Account-1.

(*See* Indictment.) Zaklama was arraigned on July 11, 2023. (ECF No. 3.)

On July 15, 2024, Zaklama filed the instant Motion to Dismiss the Indictment pursuant to Rule 12(b)(3)(B)(v) of the Rules of Criminal Procedure, or, in the alternative, for a Bill of Particulars and access to Grand Jury materials pursuant to Rules 7(f) and 6(e)(3)(E) of the Rules of Criminal Procedure. (ECF No. 19.) On August 16, 2024, the Government filed opposition (ECF No. 24), and Zaklama replied in further support on August 21, 2024 (ECF No. 25). This matter is now ripe for consideration.

**II.  DISCUSSION**

Zaklama moves to dismiss the indictment, arguing that the allegations pleaded in the indictment are insufficient to establish an offense. (*See generally* ECF No. 19-1.) In the alternative, Zaklama moves for a Bill of Particulars and access to the Grand Jury transcripts. (*Id.*) The Court will address each motion in turn below.

**A.  Motion to Dismiss**

2

"An indictment must contain a plain, concise and definite written statement of the essential facts constituting the offense charged." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (cleaned up) (citing Fed. R. Crim. P. 7(c)(1)). An indictment is facially sufficient to warrant a trial on the merits if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent [they] may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare [their] defense and to invoke double jeopardy in the event of a subsequent prosecution." *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to move to dismiss an indictment for a failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). An "indictment is sufficient when it (1) contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and (2) allows him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. John-Baptiste*, 747 F.3d 186, 195 (3d Cir. 2014) (internal citations and quotations omitted). Under Fed. R. Crim. P. 12(b)(3)(B), "a defendant may contest the sufficiency of an indictment on the basis that it 'fails ... to state an offense' in at least two ways." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). First, "a defendant may contend that an indictment is insufficient on the basis that it ... 'fails to charge an essential element of the crime.'" *Id*. (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). Second, a defendant may "claim that an indictment fails to state an offense on the basis that 'the specific facts alleged ... fall beyond the scope of the relevant criminal

3

statute, as a matter of statutory interpretation.'" *Id*. (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)).

For purposes of a motion to dismiss, the Court must accept as true all factual allegations in the indictment. *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990). "[C]riminal indictments are to be read as a whole and interpret[ed] in a common sense manner," *United States v. Lee*, 359 F.3d 194, 209 (3d Cir. 2004) (quotations omitted), and dismissal under Rule 12(b)(3) "may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000).

The Indictment charges Zaklama with one count of Tax Evasion in violation of 26 U.S.C. § 7201. (*See* Indictment.) To establish a violation of Section 7201, the Government must demonstrate (1) the existence of a tax deficiency; (2) the affirmative act constituting an attempted evasion of payment of taxes; and (3) willfulness. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

Zaklama claims that allegations in the Indictment are insufficient to meet the "affirmative acts" element of 26 U.S.C. § 7201. Specifically, Zaklama argues that "the only real affirmative act alleged in the indictment is that on June 28, 2017, the defendant made a cash deposit and then withdrew an almost equal amount in the form of a cashier's check." (ECF No. 19-1 at 7.) Zaklama contends that these acts cannot constitute tax evasion because, at the time she deposited cash and quickly withdrew it, the bank had no levy obligations to the IRS. (ECF No. 19-1 at 11.) In Opposition, the Government argues that even if the IRS's levy had lapsed, as Zaklama claims, she still repeatedly used cash and drained her bank account in a willful attempt to "remov[e] assets from the reach of the IRS" and thus, she is properly charged with Tax Evasion. (ECF No. 24 at 3.)

4

An "affirmative act" under section 7201 "is anything done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency. *United States v. McGill*, 964 F.2d 222, 230 (3d Cir. 1992), *as amended* (May 19, 1992), *as amended* (June 24, 1992) (citing *Cohen v. United States,* 297 F.2d 760, 762 & 770 (9th Cir.), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). "The offense is complete when a single willful act of evasion has occurred." *See United States v. Conley,* 826 F.2d 551, 557 (7th Cir.1987). Section 7201 explicitly refers to "attempts [to evade] in any manner." 26 U.S.C. § 7201.

Here, the Indictment provides, and the Court accepts as true, that from May 2016 to June 2017, Zaklama willfully attempted to evade the payment of millions of dollars in federal income tax payments. (*Id*.) As alleged, from 1992 through 2001, Zaklama accrued millions of dollars in tax liabilities. (*Id*. ¶ 1.) As a result, in May 2016, the IRS levied the bank account that Zaklama used to receive income and pay expenses ("Bank Account-1"). (*Id*.) The Indictment alleges that to prevent the IRS from seizing additional funds from Bank Account-1, Zaklama began making cash deposits into Bank Account-1 and then immediately withdrawing the funds through cashier's checks. (*Id*. ¶ 2.) By way of example, the indictment alleges that on or about June 28, 2017, Zaklama made a cash deposit of $2,530 into Bank Account-1 and then immediately withdrew the sum of $2,529.15 in the form of a cashier's check from Bank Account-1. (*Id*. ¶ 3.) The Indictment provides that "[a]s a result of these affirmative acts of evasion, the IRS was unable to enforce the levy or recover any additional funds from Bank Account-1." (*Id*. ¶ 4.) The Court finds that a jury could conclude that using cashier's checks and draining an account's balance are affirmative acts in satisfaction of the second element of the crime of Tax Evasion. *See United States v. Goldner*, No. CR 21-229, 2022 WL 1607546, at *3 (E.D. Pa. May 20, 2022) ("Generally, affirmative acts associated with evasion of payment involve some type of concealment of the taxpayer's ability to

5

pay his or her taxes or the removal of assets from the reach of the Internal Revenue Service."); *United States v. Mal,* 942 F.2d 682, 687 (9th Cir.1991) (evasion of payment "involves conduct *designed* to place assets beyond the government's reach after a tax liability has been assessed") (emphasis added); *Conley,* 826 F.2d at 556 (rational jury can infer intent to evade upon learning of manner in which defendant conducted his financial affairs); *United States v. Shorter,* 809 F.2d 54, 57–58 (D.C.Cir.) (jury could infer intent to evade where defendant carried on "cash lifestyle"), *cert. denied,* 484 U.S. 817, 108 S.Ct. 71, 98 L.Ed.2d 35 (1987); *United States v. Voorhies,* 658 F.2d 710, 714–15 (9th Cir.1981) ("Voorhies' conduct in 1974 [of liquidating assets and transporting proceeds to Switzerland] had the 'likely effect' of misleading or concealing."). Ultimately, it is for the jury to determine, as a matter of fact, whether the acts alleged in the Indictment were undertaken to conceal funds from or mislead the government. Accordingly, Defendant's motion to dismiss is denied.

### B. Motion for a Bill of Particulars and Access to Grand Jury Transcripts

Zaklama moves in the alternative for a Bill of Particulars and access to the Grand Jury transcripts. Zaklama seeks a Bill of Particulars "in the nature of a statement specifying the nature of any uncharged affirmative acts of evasion alleged to support the charged offense, to include dates, locations and details of each." (ECF No. 19-1 at 9.) The Government asserts that the Indictment is "sufficiently particular" and represents that it "has provided the Defendant with more than 700 pages of discovery," which makes a bill of particulars unnecessary. (ECF No. 24 at 5.) The Court agrees.

An indictment is sufficient if it is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 110, 127 S. Ct. 782, 789, 166 L. Ed. 2d 591 (2007) ("[D]etailed

allegations ... are not contemplated by Rule 7(c)(1).")." Relatedly, pursuant to Rule 7(f), "[t]he court may direct the government to file a bill of particulars" when "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Moss*, No. 19-701, 2021 WL 1196451, at *7 (D.N.J. Mar. 30, 2021) (quoting *United States v. DePaoli*, 41 F. App'x 543, 546 (3d Cir. 2002)). Rule 7(f) "does not require the United States Attorney to furnish a three dimensional colored motion picture of the prosecution's proof prior to trial." *United States v. Caruso*, 948 F. Supp. 382, 395 (D.N.J. 1996). As such, a court should not grant a motion for a bill of particulars if its only use is to secure evidence pretrial. *Moss*, 2021 WL 1196451, at *7 ("[A]ccess to discovery weakens the case for a bill of particulars.") (quoting *United States v. Atwell*, No. 13-0560, 2015 WL 2092687, at *5 (D.N.J. May 5, 2015)).

Here, the Indictment alleges that Zaklama owed millions of dollars in taxes to the IRS and specifies the relevant tax years and the time frame of her alleged crime. (Indictment ¶ 1.) The Indictment also describes how Zaklama attempted to evade paying taxes by moving money in and out of a bank account through cashier's checks. (*Id*. ¶ 2.) As an example, the Indictment provides that "on or about June 28, 2017, Zaklama made a $2,530 cash deposit into Bank Account-1," and "[s]he then immediately withdrew $2,529.15 in cashier's checks from Bank Account-1." (*Id*. ¶ 3.) The Court finds that the Indictment and the discovery exchanged allow Defendant to "adequately prepar[e] for trial." *See United States v. Addonizio*, 451 F.2d 49, 64-65 (3d Cir. 1971); *United States v. Delahanty*, Crim. No. 21-872, 2022 WL 4237143, at *4 (D.N.J. Sept. 13, 2022) (denying defendants' motion for a bill of particulars because "[d]efendants understand the conduct for which they stand trial and may prepare their defenses accordingly"). Further, "Defendant's request for more information regarding specific allegations in the Indictment is an improper use of a bill of

7

particulars as a discovery vehicle, as a bill of particulars is not meant to provide the Defendant with specific evidence of the particular transactions alleged in the Indictment." *United States v. Edwards*, No. 2:20-CR-00572-BRM, 2024 WL 1620311, at *5 (D.N.J. Apr. 15, 2024) (citing *Delahanty,* Crim. No. 21-872, 2022 WL 4237143, at *3 (holding that "a bill of particulars is not supposed to furnish to the defense 'each and every document that provides additional information about a criminal charge'") Accordingly, Zaklama's request for a Bill of Particulars is denied.

Lastly, Zaklama argues that "only an examination of the transcript of the grand jury proceedings will provide satisfactory evidence that the felonies for which she is to be tried were presented to and considered by the grand jury that returned this indictment." (ECF No. 19-1 at 10.)

A district court may order the disclosure of a Grand Jury transcript at "the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii). The party seeking disclosure "must show a particularized need for that information which outweighs the public interest in secrecy." *United States v. Minerd*, 299 F.App'x 110, 111 (3d Cir. 2008) (internal quotations and citation omitted). The party must also show that "a defense would be greatly prejudiced or that without reference to it an injustice would be done." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221 (1979) (internal quotations and citations omitted).

Here, the Court finds that Zaklama has failed to meet the threshold showing "compelling necessity" to overcome the presumptive rule of grand jury secrecy in Fed. R. Civ. P. 6(e). *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989). Moreover, Zaklama offered no evidence of a "substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury" to merit disclosure. *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972). Accordingly, the

Grand Jury transcript shall not be produced. Accordingly, Zaklama's request for pretrial disclosure of the Grand Jury transcript is denied.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the Indictment or, in the alternative, for a Bill of Particulars and access to Grand Jury Transcripts (ECF No. 19) is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: November 12, 2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge